UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| Plaintiff,  ) | |
| v.  ) | Case No. 14-30014 |
| CHARLES SCHRODE,  ) | |
| Defendant.  ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is the Defendant's Motion to Bar Dr. Careyana Brenham, MD, from Offering Expert Opinions at Defendant's Sentencing Hearing or from the United States Otherwise Introducing Her Opinions at the Sentencing Hearing Relating to Defendant's Alleged Risk of Recidivism (d/e 35). The Defendant argues that Dr. Careyana Brenham is not qualified to testify regarding the Defendant's risk of recidivism because she "is not a board certified Psychiatrist, does not specialize in treating people suffering from mental illness, does not treat individuals who

have committed child pornography crimes, and does not practice in the area of nor is licensed as a Sex Offender Treatment Therapist or a Certified Sex Offender Treatment Provider." The Defendant also points out that Dr. Brenham does not to meet the requirements of a "Qualified Evaluator" under 725 ILCS 205/4.01 and is not licensed under 225 ILCS 109/35, the Illinois Sex Offender Evaluation and Treatment Provider Act. For those reasons, the Defendant contends that presenting Dr. Brenham's testimony would result in the Defendant being sentenced based on unreliable information, in violation of Federal Rule of Criminal Procedure 32 and the Due Process Clause of the United States Constitution.

In considering the Defendant's motion, the Court notes that "[e]vidence does not have to be admissible at a trial in order to be considered in a sentencing hearing, which is not governed by the rules of evidence." United States v. McIlrath, 512 F.3d 421, 425 (7th Cir. 2008). Additionally, 18 U.S.C. § 3661 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider

for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. However, "[a] convicted defendant has a due process right to be sentenced on the basis of accurate information." United States v. Bozovich, 782 F.3d 814, 817 (7th Cir. 2015). Furthermore, in determining a defendant's sentence, a sentencing court must rely only upon information that "has sufficient indicia of reliability to support its probable accuracy." United States v. Johnson, 643 F.3d 545, 553-554 (7th Cir. 2011).

The Defendant cites United States v. McIlrath for the proposition that the Court "is entitled to disregard expert opinions predicated upon unreliable methodology." See Def.'s Mem., d/e 36 at 2. However, the sentencing judge in McIlrath did not bar the defendant's expert from testifying about the defendant's low risk of recidivism, even though the defendant had not established the "reliability of [the expert's] methodology." McIlrath, 512 F.3d at 425. Rather, the judge simply discounted the expert's testimony in deciding upon the defendant's sentence. Id.

The Court concludes that such an approach is the correct way to handle Dr. Brenham's testimony. Dr. Brenham has extensive

experience in the field of sexual abuse of children. She has also testified about a defendant's recidivism risk previously, in <u>United States v. Steven Carson</u>, case number 3:12-cr-30089. Furthermore, Dr. Brenham reviewed a substantial amount of background material on the Defendant in preparation for testifying at the Defendant's sentencing. Given Dr. Brenham's background and preparation for this case, she may be able to offer relevant testimony regarding the Defendant's risk of recidivism. Therefore, the Court will permit the Government to present Dr. Brenham's testimony and will consider the Defendant's arguments about the reliability of that testimony when determining how much weight to give the testimony. As the Government points out in its response to the Defendant's motion, after Dr. Brenham testifies, "[t]he court can determine what parts of Dr. Brenham's testimony, if any, that it considers helpful in determining any sentencing issues." Government's Resp. to Def.'s Mot. to Bar Expert Opinion, d/e 38 at 5.

    The Court finds the Defendant's arguments in favor of a complete bar on Dr. Brenham's testimony unpersuasive. That Dr.

Brenham would not qualify under 725 ILCS 205/4.01, 225 ILCS 109/35, or Federal Rule of Evidence 702 does not necessarily mean that she will be unable to offer worthwhile testimony under the much lower evidentiary standards set for sentencing hearings, at which the Court should receive all "information concerning the background, character, and conduct" of the Defendant. See 18 U.S.C. § 3661.

For those reasons, the Defendant's motion to bar Dr. Brenham from testifying (d/e 35) is DENIED.

ENTER: July 6, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
